**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Sylvester Toomer, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-192933

## ON WRIT OF CERTIORARI

Appeal from Jasper County
Perry M Buckner, III, Trial Judge
D. Craig Brown, Post-Conviction Relief Judge

Memorandum Opinion No. 2013-MO-032
Submitted July 25, 2013 – Filed October 30, 2013

## AFFIRMED

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan M. Wilson and Assistant Attorney General Ashleigh R. Wilson, of Columbia, for Respondent.

**PER CURIAM:** This Court granted certiorari to review Sylvester Toomer's conviction through a belated appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). Toomer argues the trial court erred in allowing the State to reference the September 11, 2001 terrorist attacks in its closing argument. Although he acknowledges he did not object to the statements, he contends the nature of the statements were so clearly prejudicial that the Court should disregard the rules of preservation and grant him a new trial. We disagree and affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Sheppard*, 391 S.C. 415, 420–21, 706 S.E.2d 16, 19 (2011) ("Our law is clear that a party must make a contemporaneous objection that is ruled upon by the trial judge to preserve an issue for appellate review."); *Toyota of Florence, Inc. v. Lynch*, 314 S.C. 257, 263, 442 S.E.2d 611, 615 (1994) (holding the vicious and inflammatory use of racial prejudice in counsel's closing argument resulted in clear prejudice such that the appellant was entitled to a new trial); *S.C. State Highway Dep't v. Nasim*, 255 S.C. 406, 411–12, 179 S.E.2d 211, 213 (1971) (finding counsel's "vicious" use of "abusive epithets" against an adverse witness warranted the grant of a new trial); *cf. Vasquez v. State*, 388 S.C. 447, 460, 698 S.E.2d 561, 567 (2010) (finding defense counsel's failure to object was prejudicial where solicitor unnecessarily injected religious prejudice into the trial by describing the Muslim defendant as a "domestic terrorist" and comparing the charged crimes to the attacks on September 11, 2001); *State v. Jones*, 320 S.C. 555, 558, 466 S.E.2d 733, 734 (Ct. App. 1996) (noting that for error to be reversible, "improper statements must materially prejudice the right of the defendant to obtain a fair and impartial trial").

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**